Barbara STENNES-COX,
Plaintiff-Appellant,

v.

NATIONSTAR MORTGAGE, LLC;
et al., Defendants-Appellees.

No. 16-35251

United States Court of Appeals,
Ninth Circuit.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted October 23, 2017 *

Filed November 1, 2017

· Jill J. Smith, Esquire, Attorney, Natural Resource Law Group, PLLC, Seattle, WA, for Plaintiff-Appellant

David J. Elkanich, Attorney, Holland & Knight LLP, Portland, OR, for Defendants-Appellees NationStar Mortgage, LLC, HSBC Bank, Mortgage Electronic Registration Systems, Inc.

Joseph W. McIntosh, McCarthy & Holthus LLP, Seattle, WA, for Defendant-Appellee Quality Loan Service Corporation of Washington

Before: LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

## MEMORANDUM **

Barbara Stennes-Cox appeals from the district court's judgment dismissing her action alleging a Truth in Lending Act ("TILA") claim for rescission. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Serra v. Lappin,* 600 F.3d 1191, 1195 (9th Cir. 2010). We affirm.

The district court properly dismissed Stennes-Cox's action as time-barred because Stennes-Cox did not send a notice of rescission to defendants within three years of consummation of the loan. *See* 15 U.S.C. § 1635(f) (providing a right of rescission within three years of the date of the consummation of a loan if the lender fails to make required disclosures to the borrower); *Jesinoski v. Countrywide Home Loans, Inc.,* —— U.S. ——, 135 S.Ct. 790, 792, 190 L.Ed.2d 650 (2015) (a borrower may exercise right of rescission by notifying the lender of borrower's intent to rescind within three years after the transaction is consummated); *Miguel v. Country Funding Corp.,* 309 F.3d 1161, 1164 (9th Cir. 2002) ("[Section] 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period."). We reject as without merit Stennes-Cox's contention that the subject loan transaction was not consummated.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright,* 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.